# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANTIONE R. RIDGEWAY,<br><br>    Plaintiff,<br><br>vs.<br><br>WEXFORD HEALTH SOURCES, INC.,<br>DENNIS LARSON,<br>GARY GERST,<br>JOHN DOE,<br>and JANE DOE,<br><br>    Defendants. | Case No. 18−cv−01970−JPG |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Antione Ridgeway is a prisoner in the custody of the Illinois Department of Corrections, and he is currently incarcerated in Big Muddy River Correctional Center ("Big Muddy"). Represented by counsel, Plaintiff brings this civil rights action pursuant to 42 U.S.C. § 1983 for deprivations that resulted from the delay and/or denial of medical treatment of his torn left Achilles tendon. (Doc. 1). Plaintiff sustained the injury at Big Muddy on or around April 23, 2017. (Doc. 1, pp. 3-5). By the time it was properly diagnosed by an orthopedic surgeon four months later, surgical repair was no longer an option. *Id*. Plaintiff now suffers from permanent disability and chronic pain, which he attributes to the delay or denial of adequate medical care by the defendants. *Id*.

Plaintiff brings claims against Wexford Health Sources, Inc. ("Wexford"), Dennis Larson (M.D.), Gary Gerst (P.A.), John Doe (M.D.), and Jane Doe (LPN) for deliberate indifference to his serious medical needs under the Eighth Amendment (Counts 2, 4, 6, 8, and 9), medical negligence under Illinois law (Counts 1, 3, 5, and 7), and a violation of the Medical Practice Act

1

of 1987 (225 ILCS §§ 60 *et seq.*). Plaintiff has submitted a certificate of merit and report in support of his medical negligence claims against each defendant pursuant to 735 ILCS § 5/2-622. (Docs. 1-2 (Wexford), 1-3 (Larson), 1-4 (Gerst), 1-5 (John Doe), and 1-6 (Jane Doe)). He requests money damages, injunctive relief, attorneys' fees, and costs.[1]

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The Complaint survives screening under 28 U.S.C. § 1915A. *See, e.g., Navarro v. Wexford Health Sources, Inc.*, No. 18-cv-00143-JPG, 2018 WL 89039 (S.D. Ill.). All ten claims shall receive further review.[2]

**Disposition**

**IT IS HEREBY ORDERED** that **COUNTS 1, 2, 3, 4, 5, 6, 7, 8, 9,** and **10** survive screening against those defendants who are named in connection with each claim.

**IT IS FURTHER ORDERED** that counsel for Plaintiff may initiate service of this lawsuit on the defendants without further delay. Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

---

[1] Plaintiff does not request interim relief in the form of a temporary restraining order or preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) or (b). If it becomes necessary during the pending action, Plaintiff should file a separate motion with this request for relief.

[2] This includes the Eighth Amendment claims against Wexford. Controlling precedent in this circuit holds that a corporate entity like Wexford cannot be held liable under § 1983 for a constitutional violation caused by one of its employees, unless it was caused by a corporate policy, custom, or practice. *Norwood v. Ghosh*, 723 F. App'x 357 (7th Cir. 2018) (citing *Shields v. Illinois Dep't of Corrections*, 746 F.3d 782 (7th Cir. 2014)). The allegations in the Complaint describe policies, customs, and practices espoused by Wexford that allegedly caused the delay or denial of treatment for Plaintiff's torn Achilles tendon.

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a **United States Magistrate Judge** for further pre-trial proceedings, including a plan for discovery aimed at identifying the unknown defendants (*i.e.*, "John Doe (M.D.)" and "Jane Doe (LPN)").

Further, this entire matter is **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS FURTHER ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 10/19/2018**

s/J. Phil Gilbert  
**U.S. District Judge**