IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ANTIONE R. RIDGEWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.   18-cv-1970-RJD |
| | ) | |
| WEXFORD HEALTH SOURCES, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion to Compel Payment of Costs of Discovery under 26(b)(4)(E)(i) (Doc. 53). Defendants filed a timely response objecting to Plaintiff's request (Doc. 54). For the reasons set forth below, the Motion is **GRANTED IN PART AND DENIED IN PART**.

**Background**

Plaintiff Antoine Ridgway, an inmate in the custody of the Illinois Department of Corrections ("IDOC") brings this lawsuit pursuant to 42 U.S.C. § 1983 alleging he was provided inadequate and delayed medical treatment for his torn left Achilles tendon. Plaintiff is proceeding in this case against Wexford Health Sources, Inc., Dr. Dennis Larson, and P.A. Gary Gerst.

On October 16, 2018, along with his Complaint, Plaintiff filed a Certificate of Merit Report by Dr. Lawrence Nord (*see* Doc. 1-2). On July 27, 2020, Plaintiff produced his expert disclosures, and provided the report by Dr. Nord that was submitted with Plaintiff's Complaint (*see* Doc. 54-3). Counsel took Dr. Nord's deposition on October 5, 2020. Defendants contend that during Dr. Nord's deposition he testified to new opinions based on additional documentation

Page **1** of **4**

he reviewed without any supplement to his report. Following the deposition, Plaintiff's counsel forwarded Defendants a bill for $5,750 for Dr. Nord's deposition time, including 4.5 hours for the deposition and seven hours of deposition preparation (*see* Doc. 53-1).

Plaintiff asks the Court to issue an order compelling Defendants to pay Dr. Nord's invoice in full pursuant to Federal Rule of Civil Procedure 26(b)(4)(E)(i). Plaintiff asserts Dr. Nord's ratio of preparation time to deposition testimony time is reasonable pursuant to case authority in this Circuit.

Defendants object to any such payment, arguing there is a split of authority as to recovery of fees for expert deposition preparation time. Moreover, Defendants assert the preparation time undertaken by Dr. Nord was not for the deposition, but rather, constituted his initial records review. In support of this position, Defendants remark that at Dr. Nord's deposition counsel learned for the first time that Dr. Nord had recently reviewed hundreds of pages of additional records and drawn new and undisclosed opinions. Thus, Defendants argue Plaintiff is not seeking a reasonable fee for time spent in responding to discovery, but rather is seeking payment for the full and total expense of Plaintiff's retained expert.

## Discussion

Federal Rule of Civil Procedure 26(b)(4)(E)(i) provides that "[u]nless manifest injustice would result, the court must require that the party seeking discovery … pay the expert a reasonable fee for time spent responding to discovery." Defendants contend there is a split of authority in the Seventh Circuit regarding recovery of fees for expert deposition time. This split mentioned by Defendants is best described in *LK Nutrition, LLC v. Premier Research Labs, LP*, 12-CV-7905, 2015 WL 4466632 (N.D. Ill. July 21, 2015). In *LK*, the court explained that "[u]p until the early 2000's, many cases from [the Northern] District described a 'general rule' against awarding fees

for experts' deposition preparation time, unless the case was especially complex or there was a long time lapse between the report's issuance and the expert's deposition." *LK Nutrition, LLC*, 2015 WL 4466632, at *1 (citing *Fait v. Hummel*, No. 01 CV 2771, WL 31433424, at *4 (N.D. Ill. Oct. 30, 2002) (other citations omitted). The *LK* court further found that more recently, "the tide has begun to turn" toward an acceptance that an expert's preparation time counts as "time spent in responding to discovery" within the meaning of Rule 26(b)(4)(E)(i). *Id.* at *2. The shift was attributed to the reasoning set forth in *Collins v. Village of Woodridge*, 197 F.R.D. 354, 357-58 (N.D. Ill. 1999), wherein Judge Kennelly reasoned that "time spent preparing for a deposition is, literally speaking, time spent in responding to discovery." *Id.* (citing *Collins*, 197 F.R.D. at 357). Judge Kennelly indicated that such compensation is not intended to allow experts to seek compensation for "reinventing the wheel," but rather, "to permit the expert to be compensated by the opposing party for the time reasonably necessary to refresh the expert's memory regarding the material reviewed and the opinions reached." *Collins*, 197 F.R.D. at 358. In light of this reasoning, and noting the Seventh Circuit has approved at least one district court decision allowing an expert to recoup deposition preparation expenses under Rule 26(b)(4)(E)(i), *see Halasa v. ITT Educ. Servs., Inc.*, 690 F.3d 844, 852 (7th Cir. 2012), the undersigned finds that deposition preparation time is compensable under Rule 26.

The Court, however, must also consider Defendants' argument that they should not be made to pay for Dr. Nord's seven hours of "deposition preparation time" because said time constituted an initial records review, is a blanket cost unsupported by any explanation, is disproportionate to the time spent during the deposition, and did not expedite the deposition as Dr. Nord remained unfamiliar with the records and his report. In support of this argument, Defendants assert that Dr. Nord's report cites to 36 pages of records, eight of which are inmate

Page **3** of **4**

grievances. This report was not prepared by Dr. Nord, but was prepared by Plaintiff's counsel and reviewed and signed by Dr. Nord. Defendants assert that Dr. Nord did not provide an updated report, but at his deposition, defense counsel learned that Dr. Nord had recently reviewed hundreds of pages of additional records and drawn new and undisclosed opinions.

Dr. Nord's deposition testimony reflects that he indeed reviewed of hundreds of pages of additional records prior to his deposition, but after his report was drafted (*see* Deposition of Dr. Lawrence Nord, Doc. 54-1). Ordering Defendants to pay for time spent by Dr. Nord reviewing previously un-reviewed records and forming new or amending his opinions is not intended under Rule 26. Indeed, as noted above, compensation under Rule 26 for an expert's deposition preparation is intended to address time spent refreshing the expert's memory regarding material already reviewed and opinions previously reached. *Collins*, 197 F.RD. at 358. The report submitted to Defendants was brief, a total of five written pages with 36 pages of attachments. The Court finds any review of this report and supporting documents would not take seven hours to complete. Having reviewed Dr. Nord's report and supporting materials that he would have been required to review, and noting the particular circumstances of this case, the undersigned finds two hours of deposition preparation time for Dr. Nord to be reasonable. Accordingly, Plaintiff's Motion is **GRANTED IN PART**. Defendants are **ORDERED** to pay Dr. Nord's deposition preparation time in the amount of $1,000 (2 hours at a rate of $500 per hour)[1].

**IT IS SO ORDERED.**

**DATED: April 20, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**

---

[1] Based on Defendants' response to Plaintiff's motion, it appears Defendants have already forwarded payment for Dr. Nord's deposition time (*see* Doc. 54 at 3).

Page **4** of **4**